DUFRESNE, Judge.
This is an appeal by Dr. Saeed Ahmed and the Louisiana Patient’s Compensation Fund, defendants-appellants, from an adverse judgment in a medical malpractice action. After a bench trial, the trial judge found that Dr. Ahmed’s treatment of Joyic M. Wells, decedent, fell below the standard of care expected of physicians in his medical specialty, and that this treatment lessened the patient’s chances of survival. He awarded $150,000, to decedent’s mother based on these findings. Because we determine that the judgment resulted from a misapplication of the law, we reverse.
Joyic Wells was twenty-one years old at the time of her death at East Jefferson General Hospital, on November 15, 1980. The immediate cause of death was cardiac arrest due to myocarditis. Both Dr. Ahmed, defendant, and Dr. Preis, a cardiologist called into the case just before Joyic’s death, requested an autopsy, but decedent’s family declined to permit this procedure. At the time of the treatment, as well as at trial, it was Dr. Ahmed’s opinion that the myocarditis was caused by a viral infection, an untreatable condition. Plaintiff alleged that the myocarditis was brought about by undiagnosed systemic lupus er-ythematosus (lupus), and that as a result of Dr. Ahmed’s failure to timely diagnose and treat this condition, decedent lost her chance for survival.
After a medical review panel had unanimously exonerated Dr. Ahmed, the matter came to trial. Dr. Ahmed testified on his own behalf, and also called two internal medicine specialists. All of these doctors agreed that the most probable cause of death was an untreatable viral infection. Plaintiff’s expert, Dr. William McCormack, testified that in his opinion decedent was probably suffering from lupus, and that Dr. Ahmed’s failure to properly test for this condition, or to consult with other specialists, resulted in the decedent losing any chance which she might have had for survival. This expert agreed, however, that a viral infection can cause myocarditis, and that such an infection is untreatable.
In his reasons for judgment the trial judge stated the following findings as to the cause of death:
“There is no definite way to say what caused Joyic Marie Wells’ death. Dr. Ahmed thinks the cause of death was myocarditis secondary to a viral infection for which there is no cure. Dr. McCor-mack, the plaintiff’s expert witness, thinks Ms. Wells died from systemic lupus erythematosus and that she would *897 have survived had she been properly-treated for this....
We don’t know if Joyic Wells died of lupus, but this court thinks that Dr. Ahmed had a duty to rule this out.”
Based on this finding that Dr. Ahmed breached a duty of care to decedent, he entered judgment in plaintiffs favor.
Defendants argue here that because the cause of death remains unknown, and therefore could have been either the unbeatable virus diagnosed by Dr. Ahmed or the lupus suspected by Dr. McCormack, plaintiff has failed to establish the necessary causative link between the actual treatment and the patient’s death. Plaintiff urges to the contrary that the issue is not whether the cause of death was lupus, but rather that the doctor was negligent in failing to rule out this possibility, as the trial judge ruled.
Pursuant to La.R.S. 9:2794, the plaintiff in a medical malpractice action must establish not only that the defendant physician’s treatment fell below the standard of care expected of others in his specialty, but that any breach of that standard was the cause of the patient’s injuries. In Smith v. State, through the Dept. of Health & Human Resources Administration, 523 So.2d 815 (La.1988), the court held that a finding of breach of the proper standard of care was insufficient to establish a claim of medical malpractice without a further showing that this breach adversely affected the patient’s chances of survival. In the more recent case of Cangelosi v. Our Lady of the Lake Medical Center, 564 So.2d 654 (La.1989) (on rehearing) the court noted that in any negligence action, regardless of the circumstances of the case, “the plaintiff must still sustain the burden of proving that his injuries were more likely than not the result of the defendant’s negligence” (at 665). The court ruled that where it is equally plausible that defendant’s negligence caused the injury as it is that the injury was caused otherwise, the plaintiff has simply failed to prove that, more probably than not, the injury was the result of the negligence.
In the present ease, plaintiff admits that the cause of decedent’s death remains unknown, as found by the trier of fact. Neither can it be said from the record that this finding was manifestly erroneous. The record further establishes that the cause of death could just as plausibly have been a viral infection as it could have been lupus. The autopsy requested by both the defendant and another treating physician might well have put this issue to rest, but decedent’s family declined to permit this procedure.
Nonetheless, even could it be said that defendant’s treatment of decedent fell below the proper standard of care in not ruling out the possibility of lupus, the fact remains that on the evidence presented it is equally plausible that death resulted from a viral infection as diagnosed by Dr. Ahmed, as it is that she died of complications of lupus. Plaintiff has thus failed to show by a preponderance of the evidence that, more probably than not, her chances of survival were reduced by defendant’s failure to rule out lupus as a possible cause of her last illness. In this circumstance, the judgment of the trial court must be set aside because plaintiff has simply failed to prove her case.
We finally note that we have serious reservations as to whether or not the fact-finder’s conclusion that the defendant’s treatment here fell below the proper standard of care was manifestly erroneous. However, because we have resolved the matter for the reasons set forth above, we need not reach this question.
For the foregoing reasons, the judgment in favor of the plaintiff is hereby reversed.
REVERSED.